Federic M. Paist, et al. [1] v. Commissioner. Paist v. Commissioner
Docket Nos. 23334, 23335, 23336, 23337, 23338.
United States Tax Court
1951 Tax Ct. Memo LEXIS 73; 10 T.C.M. (CCH) 967; T.C.M. (RIA) 51299; October 11, 1951
*73 In 1943, petitioners, stockholders in a corporation, received certain assets upon dissolution and liquidation of the corporation, which each reported as a long-term capital gain in his 1943 income tax return. The stockholders paid tax deficiencies of the corporation in 1945, under transferee liabilities arising from the corporate dissolution and liquidation. Held: payments made during 1945 by petitioners as a result of such transferee liabilities are deductible in that year as ordinary losses. J. F. Shrader, Esq., 1919 Packard Bldg., Philadelphia 2, Pa., for the petitioner. Maurice S. Bush, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: The respondent determined deficiencies in income tax on the petitioners as follows: 1945
Docket
Amount of
No.
Deficiency
Frederic M. Paist
23334
$123,101.71
Horace C. Paist
23335
217.04
Gertrude P. Naugler
23336
217.03
Theresa P. Wells
23337
227.05
Frances P. Enyeart
23338
227.05
1946
Frederic M. Paist
23334
$109,706.60
The sole issue still before the Court is whether the petitioners are entitled to deduct from their gross incomes as *74 ordinary losses amounts which they paid during the taxable year 1945 is satisfaction of their respective liabilities as transferees. At the hearing, the respondent conceded the validity of the partnership, and that is no longer an issue. The other errors alleged in the respective petitions have been abandoned by the petitioners. A motion to consolidate these cases was granted at the trial, and, at the same time, respondent's motion to dismiss for the year 1946 because no deficiencies were asserted for 1946 in dockets 23335 through 23338 was granted. Petitioners claim that they have overpaid their taxes for 1945. All of the facts were stipulated. [The Facts] The stipulated facts are so found and are incorporated herein. Petitioner, Frederic M. Paist, is an individual residing in Wayne, Pennsylvania. His individual income tax returns for the taxable years 1945 and 1946 were filed with the collector of internal revenue for the first district of Pennsylvania at Philadelphia, Pennsylvania. Petitioners, Horace C. Paist, Gertrude P. Naugler, Theresa P. Wells, and Frances P. Enyeart are all individuals residing in Wayne, Pennsylvania. They filed individual income tax returns for *75 the calendar year 1945 with the collector of internal revenue for the first district of Pennsylvania at Philadelphia, Pennsylvania. F. M. Paist Company was organized as a corporation in 1911 under the laws of Pennsylvania. It thereafter engaged in the manufacture of confectionery in Philadelphia, Pennsylvania, until December 31, 1943, at which time the corporation was taken over by a partnership of the same name. (The corporation will hereinafter be referred to as the Corporation, and the partnership will be referred to as the Partnership). During the year 1943, the issued and outstanding stock of the Corporation consisted of 265 shares of common stock which from December 15, 1943, through December 31, 1943, was owned and held as follows: Frederic M. Paist
95
Theresa Wilbur Paist
66
Horace C. Paist
26
Frances P. Enyeart
26
Gertrude P. Naugler
26
Theresa P. Wells
26
Total
265
Prior to December 15, 1943, and for a period of at least twenty-four months, the stock of the Corporation was owned and held as follows: 194 shares by Frederic M. Paist, as president; 66 shares by Theresa Wilbur Paist, wife of Frederic and vicepresident and later assistant secretary *76 of the Corporation; and 5 shares by J. B. Paist, brother of Frederic and secretary-treasurer of the Corporation. On December 15, 1943, Frederic purchased the five shares from his brother and, on the same day, transferred by gift 104 shares of the stock to the remaining petitioners in this case (his four children) in equal parts, or 26 to each. Pursuant to resolutions adopted by the stockholders of the Corporation at a special meeting held on December 29, 1943, the Corporation was dissolved, and all its property and assets were transferred to a successor partnership at the close of business on December 31, 1943. A portion of an agreement dated December 20, 1943, made with the Corporation, is as follows: "2. Partners agree that said stock [of the F. M. Paist Company, the corporation,] be cancelled and retired by corporation immediately after the execution of this agreement in consideration of the transfer to partnership in liquidation of corporation of all cash and other assets and property of corporation as hereinafter more particularly specified. Partners further agree and direct that the transfer of the said cash and assets shall be made to them as co-partners trading as F. *77 M. Paist Company for their individual credit as contributions to the original capital of partnership in proportion to their respective shares in distribution of said cash and assets upon the basis of percentages agreed upon, and estimated net values as follows: "F. M. Paist
35.8%
$29,927.00
Theresa Wilbur Paist
25.0%
20,925.00
J. B. Paist
None
None
Horace C. Paist
9.8%
8,212.00
Frances Paist Enyeart
9.8%
8,212.00
Gertrude Paist Naugler
9.8%
8,212.00
Theresa Paist Wells
9.8%
8,212.00
John O. Enyeart
None
None
Total
100%
$83,700.00"
Upon appraisal of the assets of the Corporation at the close of business on December 31, 1943, it was determined that the amounts set forth above opposite the names of the partners should be and were changed to the following: Frederic
$ 22,941.92
Theresa Wilbur Paist
16,040.80
Horace
6,295.12
Frances
6,295.12
Gertrude
6,295.12
Theresa
6,295.12
Total
$ 64,163.00
The Corporation filed income and declared value excess-profits tax returns and excess profits tax returns for the taxable years 1942 and 1943. Tax liabilities reported in said returns and the tax liabilities, deficiencies, *78 and overassessments determined by the respondent are set forth below: Deficiencies and
Tax Liabilities
Overassessments
Tax Liability
as Determined
as Determined
Year
Kind of Tax
Per Returns
by Respondent
by Respondent
1942
Income
$ 4,344.57
$ 3,522.11
$ (822.46) *
1942
Declared Value
Excess Profits
1,552.88
1,485.84
(67.04) *
1942
Excess Profits
0.00
2,344.79
2,344.79
1943
Income
5,112.26
1,999.54
(3,112.72) *
Declared Value
Excess Profits
0.00
610.66
610.66
Excess Profits
16,433.35
41,338.58
24,905.23
Total Net Deficiency
$23,858.46
The Corporation executed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" on July 24, 1945, and filed it on July 26, 1945. Pursuant thereto the foregoing deficiencies were assessed and the overassessments were allowed. Since the Corporation had distributed all of its assets to the stockholders in dissolution on the close of business December 31, 1943, it was unable to pay this deficiency in tax, and the former *79 stockholders became liable as transferees for the said deficiency in proportion to the amounts in which they had shared the corporate distribution. On May 26, 1945, there was paid to the respondent, by or on behalf of the former stockholders, in satisfaction of their respective liabilities as transferees, the following amounts: Amounts
Percentage
Frederic
$ 8,553.03
35.8
Theresa Wilbur Paist
5,942.11
25.0
Horace
2,340.83
9.8
Frances
2,340.83
9.8
Gertrude
2,340.83
9.8
Theresa
2,340.83
9.8
Total
$ 23,858.46
The stockholders of the Corporation in their individual income tax returns for the year 1943 reported as capital gains the amounts received in liquidation of the Corporation, and paid taxes thereon. Subsequent to the payment of their transferee liabilities in 1945, the former stockholders of the Corporation filed claims for refund of 1943 individual income taxes in which they claimed that payments made by or on their behalf under such transferee liability should be treated as reductions of their distributions as previously reported in their individual income tax returns for 1943. These claims filed by Theresa, Gertrude, and Frances *80 were allowed, and on that basis the respondent determined and made refunds as follows: Amount
of Refund
Date
Stockholder
Allowed
Paid
Theresa P. Wells
$203.18
Jan. 17, 1946
Gertrude P. Naugler
14.83
Jan. 21, 1946
Frances P. Enyeart
215.35
Nov. 30, 1945
[Opinion] The sole question for us to decide is whether the petitioners may deduct the respective amounts paid in 1945 as transferees in their individual tax returns for 1945. This question has been previously decided by this Court in , affd. (C.A. 3, 1950). In that case we held that the taxpayers were entitled to deduct the amounts paid as ordinary losses, as contended by the petitioners, and not as capital losses as contended by the respondent. See also (on appeal C.A. 2), and (on appeal C.A. 2). Respondent has made no attempt to distinguish these cases, nor is there any valid distinction. Rather, respondent argues anew his contention that such losses should be treated as capital losses. This argument *81 was carefully discussed in the Switlik case, and we see no reason to repeat it here. Respondent made no affirmative allegations in his pleadings regarding the refunds made in 1946 to three of the petitioners here relating to their 1943 tax liability. No reference was made to such refunds in respondent's determinations of deficiencies. In his opening statement counsel for respondent stated that he would raise some issue relating to such refunds on brief. However, his brief makes no reference to any such issue. Accordingly, we consider that no issue has been presented which relates to such refunds, and that if such issue was presented, it has been, in effect, conceded by respondent's failure to refer to it on brief, a concession which may well be justified by the rationale of such cases as ; and . We therefore hold that each petitioner is entitled to deduct from his gross income as an ordinary loss the amount paid in 1945 under a transferee liability from the Corporation. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Horace C. Paist, Gertrude P. Naugler, Theresa P. Wells, and Frances P. Enyeart.↩
*. Note: The figures in parentheses in the last column show overassessments.↩